**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joe Thornblad,                                                         Civil File No. 07-1857 (RHK/SRN)

      Petitioner,
v.                                                                                    **ORDER**

Barbara Berg Windels,

      Respondent.

**INTRODUCTION**

Petitioner applied to this Court for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he is being illegally confined by the State of Minnesota. The matter was assigned to Magistrate Judge Susan Richard Nelson, who recommended that Petitioner's habeas corpus claims be denied, and that this action be dismissed. (Report and Recommendation, ["R&R"], dated March 3, 2008, [Docket No. 33].) By Order dated April 16, 2008, (Docket No. 39), the Court adopted the R&R and ordered that this action be dismissed with prejudice.

Petitioner has filed a Notice of Appeal in this matter, (Docket No. 41), which the Clerk of Court has properly construed to be a request for a Certificate of Appealability, ("COA"), as well. (See Docket No. 44.) Petitioner's request for a COA will be DENIED.

**DISCUSSION**

An individual who is in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the petitioner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court is fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Thus, the Court finds that Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability in this matter, (Docket No. 44), is DENIED.

Dated: April 25, 2008

                                                                                   s/Richard H. Kyle  
                                                                                   RICHARD H. KYLE  
                                                                                    United States District Court Judge